UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKEEM O. BROWN, | No. C 12-2113 DMR |
| Plaintiff(s), | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| SHAWN DAVID GREEN, | |
| Defendant(s). | |

Defendants Shawn D. Green, Brendon Kensel, Monte Gibbs (together, "Individual Defendants"), and Greenfly Media Network, LLC ("Greenfly"; together with Individual Defendants, "Defendants") move pursuant to Rule 12(b) of the Federal Rules of Civil Procedure to dismiss this case due to *pro se* Plaintiff Akeem O. Brown's lack of standing or, in the alternative, his failure to state a claim upon which relief can be granted. Plaintiff opposes the motion. For the reasons stated below, the court grants in part and denies in part Defendants' motion.

**I. Background**

Plaintiff is "the founder, creative director, and lead content manger" for a sports social networking website, which began operating under the name "Jocks Talk" on February 28, 2009. (Compl. ¶¶ 5, 8 (citing Compl. Ex. C), 12-13.) In these capacities, he "registered the domain name, designed the logo, determined the websites [sic] layout and functionality, negotiated and signed all of its marketing contracts, . . . determined the websites [sic] creative direction," "edited and directed

all of the websites [sic] videos and wrote all of the websites [sic] published articles." (Compl. ¶¶ 5, 12.) According to Plaintiff, these efforts have made him "the owner of the common law trademark in the name 'Jocks Talk'" ("the Mark"). (Compl. ¶ 5.)

On September 4, 2010, Greenfly registered the domain name "Jock Talk" without Plaintiff's consent. (Compl. ¶¶ 6, 9 (citing Compl. Ex. D), 16.) He contends that Defendants' use of "Jock Talk" is "confusingly and deceptively similar" to the Mark and "constitutes a reproduction or imitation thereof." (Compl. ¶ 6.) He also asserts that "Defendants market and promote [Jock Talk's] content and advertising products to the same types of wholesale, retail and distribution channels and to the same classes of purchasers" as his "Jocks Talk" products and services. (Compl. ¶ 23.) Defendants' use of "Jock Talk" therefore "infringe[s] upon and dilute[s] the value" of the Mark. (Compl. ¶ 6.) In sum, Plaintiff believes that

> Defendants [sic] wrongful use of [his] mark is likely to cause confusion, mistake, or deception in the minds of the public, and will result in the dilution and tarnishment of the mark. Defendants [sic] infringement constitutes a wilful and malicious violation of [his] trademark rights, aimed at preventing [him] from continuing to build a business around a market that [he] ha[s] long possessed and depriving [him] of nearly six years of goodwill.

(Compl. ¶ 24.) Between March 12, 2012 and April 12, 2012, Plaintiff mailed Defendants four cease and desist letters urging them to halt the alleged infringement. (Compl. ¶¶ 18-19, 21-22, Exs. E-H.) He sent the first three letters on behalf of Dreams Sports Management, Inc. in the capacity of its Vice President of Legal Affairs. (Compl. Exs. E-G.) In the final letter, Plaintiff wrote on his own behalf and styled himself as "Proprietor." (Compl. Ex. H.)

On April 27, 2012, Plaintiff filed this suit, bringing eight causes of action against Defendants to protect the Mark: unregistered trademark infringement under Section 43(a) of the Lanham Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a); dilution of an unregistered trademark under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); false description under § 1125(a); common law trademark infringement under California law; unfair competition pursuant to California Business and Professions Code § 17200 *et seq.*; common law injury to business reputation; and interference with prospective economic advantage. (Compl. ¶¶ 5, 26-50.)

Defendants move to dismiss on the grounds that Plaintiff lacks standing to bring these claims or, in the alternative, that he has failed to state a claim upon which relief can be granted. The parties have consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c), [Docket Nos. 5, 16], and the court may enter judgment in the case. *See* 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-1.

## II. Applicable Law

### A. Standing and Subject Matter Jurisdiction

Standing requirements in intellectual property law "are primarily rules of substantive law" and depend on whether their respective statutory schemes confer on a party the right to sue. *Nat'l Licensing Ass'n, LLC v. Inland Joseph Fruit Co.*, 361 F. Supp. 2d 1244, 1248 (E.D. Wa. 2004). If a plaintiff lacks standing, a federal court "'lacks subject matter jurisdiction over the suit.'" *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)); *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) (holding that "[t]he party asserting federal subject matter jurisdiction bears the burden of proving its existence").

When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A factual challenge, such as the present motion, asserts that subject-matter jurisdiction does not exist, independent of what is stated in the complaint. *White*, 227 F.3d at 1242. In contrast with a facial challenge, a factual challenge permits the court to look beyond the complaint to "matters of public record" without "presum[ing] the truthfulness of the plaintiff['s] allegations." *Id.* Even the presence of disputed material facts "will not preclude the trial court from evaluating for itself the merits of jurisdictional claims," *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987), unless "the jurisdictional question is dependent on the resolution of factual issues going to the merits." *Nat'l Licensing Ass'n, LLC*, 361 F. Supp. 2d at 1247 (citing *Roberts*, 812 F.2d at 1177). To successfully rebut a factual challenge in a motion to dismiss, the

1 non-moving party "'must furnish affidavits or other evidence necessary to satisfy its burden of
2 establishing subject matter jurisdiction.'" *White v. Astrue*, No. 10-2124 CRB, 2011 WL 900289, at
3 *3 (N.D. Cal. Mar. 15, 2011) (quoting *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1040
4 n.2 (9th Cir. 2003)).

### B. Failure to State a Claim

When reviewing a motion to dismiss for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation and quotation marks omitted)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged to demonstrate an "entitle[ment] to relief require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (first brackets in original) (quotation marks omitted) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." (citation omitted)), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002).

### III. Discussion

### A. Defendants' Contentions

Defendants assert that "only the owner of a trademark . . . may bring suit to enforce rights in that mark" and that exhibits attached to Plaintiff's complaint demonstrate that he "does not own any rights in the alleged mark." (Defs.' Mot. Dismiss 4 (citation omitted).) Specifically, Defendants point to Plaintiff's three cease and desist letters, which portray Plaintiff's company Dream Sports Management, Inc. as owner of the Mark, (Compl. Exs. E-G), and a document that shows Dream

1 Sports Management, Inc. as the entity that registered the domain name jockstalk.com, (Compl. Ex.
2 C). (Defs.' Mot. Dismiss 5.) According to Defendants, these documents demonstrate that Plaintiff
3 does not have standing to bring suit to enforce rights in the Mark. (Defs.' Mot. Dismiss 4.)

4 Individual Defendants additionally argue that Plaintiff has not stated valid claims against
5 them because the complaint "fails to offer any facts to establish [their] personal liability." (Defs.'
6 Mot. Dismiss 7.) They insist that because Plaintiff acknowledges that Greenfly is a California
7 limited liability corporation, he cannot hold Individual Defendants personally responsible for
8 Greenfly's actions without pleading that they are its alter ego. (Defs.' Mot Dismiss 7.)

### B. Analysis

#### 1. Plaintiff's First, Third, and Fourth Causes of Action

A party may bring suit for unregistered trademark infringement, false description, or unfair competition pursuant to § 1125(a). *See Solid 21, Inc. v. Breitling USA, Inc.*, No. 11-457, 2011 WL 2938209, at *1 (C.D. Cal. July 19, 2011). If a plaintiff "has a commercial interest in the allegedly misused mark that is 'likely to be damaged,'" he has standing under the statute to seek relief. *Nat'l Licensing Ass'n, LLC*, 361 F. Supp. 2d at 1256 (quoting *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093, 1109 (9th Cir. 1992)); *accord* § 1125(a); *see Waits*, 978 F.2d at 1110 (holding that plaintiff must have "an economic interest akin to that of a trademark holder in controlling the commercial exploitation of his or her identity" to bring claim); *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1178 (9th Cir. 1988)). Ownership of the disputed trademark "is immaterial" to claims brought under § 1125(a) because the statute grants standing to "mere users of trademarks." *Nat'l Licensing Ass'n, LLC*, 361 F. Supp. 2d at 1256 (quoting *Murphy v. Provident Mut. Life Ins. Co.*, 756 F. Supp. 83, 86 (D. Conn. 1990) (quotation marks omitted)).

Plaintiff adequately alleges sufficient commercial interests in the Mark to meet the standing requirements for bringing claims for unregistered trademark infringement, false description, and federal unfair competition. He presents himself variously as the founder, creative director, lead content manager, Vice President of Legal Affairs and the Proprietor of the sports social networking website business Jocks Talk. (*See* Compl. ¶ 5, Exs. E-H.) He further alleges that Defendants' infringement, false description, and unfair competition with respect to the Mark has impaired the

business's ability to expand and thrive within its market. (*See* Compl. ¶ 24.) Because Plaintiff alleges that Defendants' actions harmed a business in which he has a vested commercial interest, he has standing to bring these claims.

### 2. Plaintiff's Second Cause of Action

A party may bring a claim for unregistered trademark dilution pursuant to § 1125(c). *See STX, Inc. v. Bauer USA, Inc.*, No. 96-1140 FMS, 1997 WL 337578, at *3 (N.D. Cal. June 5, 1997). That subsection, however, restricts standing for the cause of action to the mark's "owner," § 1125(c)(1); *accord Love v. The Mail on Sunday*, No. CV-05-7798, 2006 WL 4046180, at *14 (C.D. Cal. Aug. 15, 2006), i.e. the person "first to actually use the mark in the sale of goods or services," *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1203 (9th Cir. 2012) (citation and quotation marks omitted).

Plaintiff alleges in the complaint that he owns the Mark, (*see* Compl. ¶¶ 5-7, 10, 12, 17-19, 21-22, 24-25, 31), but offers nothing to validate this assertion. However, Exhibits E-G attached to the complaint, cease and desist letters that Plaintiff sent Defendants on behalf of Dream Sports Management, Inc. to stop Defendants' alleged infringement, characterize the company -- not Plaintiff -- as the Mark's owner. (*See* Compl. Exs. E-G; *see also* Compl. Ex. C (showing that Dreams Sports Management, Inc. registered jockstalk.com website).) Plaintiff presents himself merely as the Vice President of Legal Affairs or Proprietor of the company that owns the Mark. (*See* Compl. Exs. E-H.) Because the facts proffered in these documents tend to indicate that Plaintiff does not own the Mark, the court concludes that he does not have standing to bring this cause of action. The court dismisses the claim with leave to amend. The claim may be renewed if 1) Plaintiff can more firmly establish that he owns the Mark or 2) if Dream Sports Management, Inc., represented by counsel, joins the action to pursue the claim.

### 3. Plaintiff's Fifth Cause of Action

As with an unregistered trademark dilution claim under the Lanham Act, a plaintiff bringing a common law trademark infringement claim under California law also must demonstrate that he owns the trademark to have standing. *See Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp.*, No. 09-992 RMW, 2009 WL 1542651, at *1 (N.D. Cal. June 2, 2009). Establishing ownership in

6

the California common law requires that a plaintiff show that he "'first adopt[ed] or use[d] a trade name.'" *Id.* (quoting *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947-48 (N.D. Cal. 2005) (quoting *Am. Petrofina, Inc. v. Petrofina of Cal., Inc.*, 596 F.2d 896, 897 (9th Cir. 1979))) (brackets in original) (quotation marks omitted)).

As noted in the discussion of Plaintiff's unregistered trademark dilution claim, Plaintiff presents only conclusory assertions of ownership of the Mark in his complaint, while the complaint's attachments tend to show that Dream Sports Management, Inc. owns the Mark. The cease and desist letters, (Compl. Exs. E-H), generally characterize Dream Sports Management, Inc. as the Mark's owner; Plaintiff appears to act only as the Vice President of Legal Affairs or Proprietor of the owning company. Further, the only facts reflecting the adoption and use of the Mark -- the touchstone of trademark ownership -- also suggest that it is the company that owns the Mark, as it was the entity that registered the domain name www.jackstalk.com. (*See* Compl. Ex. C.) Because these facts imply that Plaintiff does not own the Mark, he does not have standing to bring this claim. The court dismisses it with leave to amend. This claim may be revived if 1) Plaintiff can more firmly establish that he owns the Mark or 2) if Dream Sports Management, Inc., represented by counsel, joins the action to pursue the claim.

### 4. Plaintiff's Sixth Cause of Action

California's unfair competition law is "a broad remedial statute" that prohibits "any 'unlawful, unfair or fraudulent business act or practice.'" *Campion v. Old Republic Home Protection Co.*, 272 F.R.D. 517, 532 (S.D. Cal. 2011) (quoting Cal. Bus. & Prof. Code §17200). It permits "individuals to challenge 'unfair competition' practices, which are broadly defined as including 'any unlawful, unfair, or fraudulent business act or practice." *Id.* (quoting *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)). To have standing to bring a claim, "a private plaintiff must show that [he] has suffered injury in fact and has lost money or property as a result of unfair competition." *Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1178 (9th Cir. 2012) (citations and quotation marks omitted).

The law "incorporates other laws and treats violations of those laws as . . . independently actionable" unfair competition injuries. *Campion*, 272 F.R.D. at 532 (citing *Chabner v. United of*

*Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000)). Therefore, a plaintiff who properly alleges a violation of another unlawful business act or practice, such as a violation of the Lanham Act, and "establish[es] a causal link between [the violation] and the alleged [economic] harm" has standing to bring a California unfair competition claim. *See id.* (citing *In re Firearm Cases*, 126 Cal. App. 4th 959, 981 (2005); *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (1994)); *see Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022-23 (N.D. Cal. 2007) (noting that Proposition 64 narrowed standing of California unfair competition law to "those who suffered injury in fact and [have] lost money as a result of such unfair competition") (brackets in original) (citation and quotation marks omitted).

In his California unfair competition allegation, Plaintiff incorporates by reference the other claims in his complaint. (Compl. ¶ 48.) As discussed above, among these claims, Plaintiff has properly pled causes of action for unregistered trademark infringement, false description, and unfair competition under the Lanham Act. He therefore satisfies the injury prong of the California unfair competition standing analysis. Plaintiff fulfills the causation prong because, in those same Lanham Act claims, he asserts that Defendants' violations have impaired his business's ability to expand and thrive. (Compl. ¶ 24.) He thus has standing to bring this claim.

### 5. Plaintiff's Seventh and Eighth Causes of Action

A court may *sua sponte* dismiss a claim pursuant to Rule 12(b)(6) "when it is clear that the plaintiff has not stated a claim upon which relief may be granted." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (citation and quotation marks omitted).

Plaintiff titles his seventh cause of action as "Common Law Injury to Business Reputation." The court can only find three federal or California state cases that reference this claim, and the only case that provides insight into its nature states that the court had previously stricken the claim because the plaintiff had "failed to demonstrate that th[is] purported claim[] w[as] valid under California law." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. 07-554 JSW, 2007 WL 2729422, at *2 (N.D. Cal. Sept. 18, 2007). The court therefore construes this claim as one for trademark dilution and injury to business reputation pursuant to California Business and Professions Code § 14330. *See* Cal. Bus. & Prof. Code § 14330. However, the California legislature repealed

§ 14330 effective January 1, 2008. *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1090 (N.D. Cal. 2008) (citation omitted). "The repeal of a statute creating a penalty, running either to an individual or the state, at any time before final judgment, extinguishes the right to recover the penalty." *People v. One 1986 Toyota Pickup*, 31 Cal. App. 4th 254, 262 (1995). The court therefore dismisses this claim with prejudice.

To properly state a claim for interference with prospective economic damage, a plaintiff must allege the following:

> (1) an economic relationship between the plaintiff and another, containing a probable future economic benefit or advantage to plaintiff, (2) defendant's knowledge of the existence of the relationship, (3) that defendant intentionally engaged in acts or conduct designed to interfere with or disrupt the relationship, (4) actual disruption, and (5) damage to the plaintiff as a result of defendant's acts.

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 439 n.1 (1995) (quotation marks omitted); *see Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 233 n.7 (2005). Plaintiff has not alleged the existence of an economic relationship between Defendants and himself, let alone any other elements of this cause of action. (*See* Compl. ¶ 50.) The court therefore dismisses the claim with leave to amend.

### 6. Claims Against Individual Defendants

A corporation generally functions as "a legal entity, separate and distinct from its stockholders, officers and directors, with separate and distinct liabilities and obligations." *Sonora Diamond Corp. v. Super. Ct.*, 83 Cal. App. 4th 523, 538 (2000) (citations omitted). A court will look beyond the corporate identity, i.e. pierce the corporate veil, only when "an abuse of the corporate privilege" justifies holding those who own or control the corporation liable for its actions. *Id.* (citing *Robbins v. Blecher*, 52 Cal. App. 4th 886, 892 (1997); *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993-94 (1995); *Roman Catholic Archbishop v. Super. Ct.*, 15 Cal. App. 3d 405, 411 (1971)). For example, a court will invoke the alter ego doctrine and "ignore the corporate entity and deem the corporation's acts to be those of the persons or organizations actually controlling the corporation" when individuals use the corporate form "to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose." *Id.* (citing *Robbins*, 52 Cal. App. 4th at 892; *Communist Party*, 35 Cal. App. 4th at 993-94).

Plaintiff concedes that Greenway is a limited liability corporation and alleges that it "registered" and "currently us[es]" "the domain name 'Jock Talk.'" (Compl. ¶ 9 (citing Compl. Ex. D); *see* Compl. ¶¶ 7, 10.) He also states that Greenway functions "as a management company marketing[,] promoting[,] and raising capital for the individual Defendants." (Compl. ¶ 10.) Additionally, he asserts that Defendants Green and Kensel are Greenway's "co-founders." (Compl. ¶ 7.) Plaintiff proffers no facts in his complaint that could establish Individual Defendants' liability. He alleges that Greenway, and not Individual Defendants, illegally registered and uses the Mark in contravention of the law and expands the ambit of liability for Greenway's actions to Individual Defendants without explanation. The court dismisses all claims against Individual Defendants with leave to amend.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part. The court dismisses Plaintiff's second, fifth, and seventh claims with leave to amend and dismisses his eighth claim with prejudice. The court also dismisses Individual Defendants with respect to all claims without prejudice. Plaintiff shall file any amended complaint no later than November 13, 2012.

IT IS SO ORDERED.

Dated: September 18, 2012



DONNA M. RYU
United States Magistrate Judge

10