1   SCHIFF HARDIN LLP
    GEORGE C. YU (CSB # 193881)
2   ALISON L. MADDEFORD (CSB # 248523)
    One Market, Spear Street Tower
3   Thirty-Second Floor
    San Francisco, CA 94105
4   Telephone:    (415) 901-8700
    Facsimile:    (415) 901-8701
5   *gyu@schiffhardin.com*
    *amaddeford@schiffhardin.com*
6
    Attorneys for Plaintiff and Counterclaim-Defendant
7   Akeem O. Brown

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11
    AKEEM O. BROWN,                          Case No.  CV12-02113 DMR
12
                     Plaintiff,              **PLAINTIFF AND COUNTERCLAIM
13                                           DEFENDANT'S MOTION FOR ENTRY OF
           v.                                STIPULATED PROTECTIVE ORDER**
14
    GREENFLY MEDIA NETWORK, LLC,
15  BRENDON KENSEL, AND DOES 1-10,           Courtroom:  4
                                             Judge:      Hon. Donna M. Ryu
16                   Defendants.

17
    GREENFLY MEDIA NETWORK, LLC,
18
                     Counterclaim-Plaintiff,
19
           v.
20
    AKEEM O. BROWN and DREAM
21  SPORTS MANAGEMENT, INC.,

22                   Counterclaim-Defendants.

23

24         Plaintiff Akeem O. Brown ("Brown") respectfully request that the Court endorse and enter

25  the Stipulated Protective Order executed by the parties and attached as Exhibit A.  Brown and

26  Defendants Greenfly Media Network, LLC ("Greenfly") and Brendon Kensel (collectively,

27  "Defendants"), through their respective, counsel of record, have stipulated to the attached

28  Protective Order and do not oppose this motion.

1    As grounds for this motion, Brown states as follows:

2        1.   This action arises out of Brown's claims for common law trademark infringement and

3    related causes of action and Greenfly's counterclaims for trademark infringement and related

4    causes of action.

5        2.   In connection with discovery in this action, documents, information and things will be

6    furnished that constitute, reflect, or contain trade secrets or other non-public, proprietary or

7    business-sensitive information or things, including, without limitation, confidential research,

8    development, financial, corporate, other commercial information, and private information of

9    parties and non-parties (collectively, "Confidential Materials").

10       3.   In order to preserve the proprietary and privacy interests of the parties or third parties

11   in the Confidential Materials being furnished, Brown respectfully requests that this Court enter

12   the attached Stipulated Protective Order.

13       4.   The entry of this Stipulated Protective Order will not put any undue burden on this

14   Court.

15       5.   Defendants have stipulated to the Protective Order and do not oppose this motion.

16       WHEREFORE, the Parties respectfully request that this Court endorse and enter the

17   Stipulated Protective Order attached hereto as Exhibit A.

18

19   Dated:  January 7, 2013                    SCHIFF HARDIN LLP

20

21                                             By:/s/ George C. Yu

22                                                George C. Yu
                                               Attorneys for Plaintiff and Counterclaim-
23                                             Defendant, Akeem O. Brown

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, George C. Yu, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2013.

By:/s/ George C. Yu
George C. Yu

SF\320514844.1

- 1 -

SCHIFF HARDIN LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

1  DOUGLAS Q. HAHN (SBN 257559)
   dhahn@sycr.com
2  SALIL BALI (SBN 263001)
   sbali@sycr.com
3  STRADLING YOCCA CARLSON & RAUTH, P.C.
   660 Newport Center Drive, Suite 1600
4  Newport Beach, CA  92660-6422
   Telephone:  (949) 725-4000
5  Facsimile:  (949) 725-4100

6  Attorneys for Defendant/Counterclaim-Plaintiff
    GREENFLY MEDIA NETWORK, LLC and
7  Defendant BRENDON KENSEL

8              **UNITED STATES DISTRICT COURT**

9             **NORTHERN DISTRICT OF CALIFORNIA**

10

11  AKEEM O. BROWN,                           CASE NO. CV12-02113 DMR

12              Plaintiff,                    **JOINT STIPULATION FOR PROTECTIVE**
                                              **ORDER**
13              vs.

14  GREENFLY MEDIA NETWORK, LLC,
    and BRENDON KENSEL, and DOES 1-
15  10                                        Judge: Hon. Donna M. Ryu
                                              Courtroom:    4
16              Defendant.

17  _____

18  GREENFLY MEDIA NETWORK, LLC,

19              Counterclaim-Plaintiff,

20              vs.

21  AKEEM O. BROWN, an individual and
    DREAM SPORTS MANAGEMENT,
22  INC., a California corporation

23              Counterclaim-Defendants

24

25

26

27

28

Subject to approval by this Court, the parties to this action hereby stipulate and agree to the following protective order.

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 11, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

## 2.   DEFINITIONS

2.a.   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.b.   <u>Confidential Information</u>: is information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party deems to constitute trade secret or other confidential research, development, or commercial information which is not publicly known and cannot be ascertained from an inspection of publicly available documents, materials, devices, or private information.  It shall be the duty of the party who seeks to invoke protection under this Protective Order to give notice, in the manner set forth hereinafter, of the information and documents and testimony to be covered hereby, and the duty of any other party or person to maintain the confidentiality thereof under this Protective Order commences with such notice.

2.c.   <u>Counsel</u>: Outside Counsel of Record, attorneys affiliated with the law firm which has appeared on behalf of a Party, and their necessary support staff.

2.d.     <u>Designating Party</u>: a Party or Non-Party that designates information, testimony or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY".

2.e.     <u>Documents</u>:     the meaning ascribed by Rule 34 of the Federal Rules of Civil Procedure and shall include, without limitation, any written or graphic matter in any medium and any type or description upon which information is recorded.

2.f.     <u>Expert or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.g.     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.h.     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.i.     <u>Pleadings</u>:     include without limitation, the following items:  complaints, answers, cross claims, counterclaims, or amendments thereto, Orders of the Court, briefs, memoranda, reports, declarations, affidavits, interrogatories and responses thereto, requests for admission and responses thereto, requests to produce or any documents or things, and responses thereto, deposition testimony, trial and hearing testimony, and exhibits filed with the Court in connection with this proceeding.

2.j.     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors, who have agreed to be bound by this Order and signed Exhibit A, the "Acknowledgment and Agreement to Be Bound".

2.k.     <u>Protected Material</u>: any disclosure or discovery material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY".

**3.** **Scope**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information derived therefrom including; (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The protections conferred by this Order, however, do not restrict or in any way limit the use or disclosure by a Party to this action of any information or materials obtained by that Party independent of discovery in this action (even if the same information or materials are also produced in discovery in this action), information that is in the public domain at the time of disclosure, or from disclosing that party's own information and materials as that party chooses.

Any Confidential Information and any materials derived therefrom in whole or part-such as abstracts, summaries, copies, and demonstrative exhibits-shall only be used in connection with this action, and for no other purpose.

**4.** **Duration**

This Order shall survive the final termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

Final termination shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

The Court shall retain its jurisdiction to resolve any disputes concerning the use of information and materials disclosed pursuant to this Order.

## 5. Levels of Confidentiality

In recognition of the fact there are different degrees of sensitivity for various pieces of information and that it may be necessary for counsel to show some confidential materials to independent experts and to client representatives in order to prepare the case for trial, there will be two levels of confidentiality hereunder:

5.a. "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY." Any Party or Non-Party may designate information as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" only if, in the good faith belief of such Party and its counsel, the information is among that considered to be most sensitive by the Party, including but not limited to trade secret or other confidential research, development, technical, financial, or other commercial information. "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" may be disclosed only to (i) Counsel of Record, the members of their respective law firms, and their office personnel assisting in the conduct of the case; (ii) authors of and lawful recipients of the information designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY; (iii) other persons with the prior written approval of Counsel for the Designating Party; (iv) Experts and Consultants retained to assist counsel in the preparation of the case, and their office personnel, under the conditions set forth in Paragraph 9 of this Protective Order; (v) court stenographers, videographers, translators, and Professional Vendors; (vi) the Court and its staff; and, (vii) any current or former officer, director, employee agent, or Rule 30(b)(6) designee of the Designating Party.

5.b. "CONFIDENTIAL." Any Party or Non-Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or the information contains the private information of a party or non-party. "CONFIDENTIAL" materials may be shown to persons authorized to review "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" documents as well as the Parties or their officers, directors, and employees to the extent necessary to conduct this action and deponents noticed by the Parties.

**6.**     **Good Faith Requirement**

A party shall only classify materials under Paragraph 5 of this Protective Order upon a good faith belief that the material contains Confidential Information and that classification under Paragraph 5 will, in that party's opinion, prevent commercial damage to that party.

**7.**     **Designation of Documents, Pleadings or Things**

7.a.     Documents, Pleadings (or portions thereof) or things produced in the course of discovery herein (either formally or informally) which the Designating Party deems to contain Confidential Information, within the meaning of this Protective Order, shall be designated as confidential by the Designating Party at the time of production, and copies of documents, pleadings, things or portions thereof deemed to be confidential shall be specifically identified and marked "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL" on each page or portion of the material by the designating party at the time of production.

7.b.     Marking the first page of a multi-page document shall be sufficient to indicate that the entire document contains Confidential Information, unless the Designating Party states to the contrary and specifically identifies in writing the non-confidential portions. Information in electronic or other machine readable form may be designated Confidential Information in any manner likely to communicate to the viewer that it is deemed Confidential Information; which may include the marking of all disks produced with the designation Confidential Information where the label would ordinarily be affixed. Any tangible things other than documents or pictures that are produced shall bear a tag or other label with the appropriate confidentiality designation.

7.c.     In the event the Designating Party elects to produce materials for inspection, no marking need be made by the Designating Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY," and must be treated as such pursuant to the terms of

this Protective Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the Designating Party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

7.d.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 8.    **Designation of Deposition Testimony**

Testimony taken at a deposition, hearing or at trial which involves a disclosure of Confidential Information of any Party or Non-Party may be designated in the following manner:

8.a.     The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation must be made on the record whenever possible, but a Party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A party will have until thirty (30) calendar days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL," and during such time the deposition transcript shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY."

8.b.     The Party disclosing information will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 5 above; and

8.c.    The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" or "CONFIDENTIAL," as appropriate.

9.    **Disclosures to Experts or Consultants**

The right of any Expert or Consultant to receive any Confidential Information will be subject to the advance approval of such Expert or Consultant by the Designating Party or by permission of the Court, and conditioned on their having agreed to be bound by this Order and sign Exhibit A, the "Acknowledgment and Agreement to Be Bound".

9.a.    The Party seeking approval of an Expert or Consultant must provide the Designating Party with a written notification, which includes the name and curriculum vitae of the proposed Expert or Consultant that includes a description of the Expert or Consultant's employment and consulting history during the past four years, and a completed and executed copy Exhibit A attached hereto, at least ten (10) days in advance of providing any Confidential Information or Items of the Designating Party to the Expert or Consultant.

9.b.    If the Designating Party does not convey an objection to the proposed disclosure within ten (10) calendar days of receipt of the written notification, the Designating Party will be deemed to have waived objection to the disclosure and its agreement will be assumed.

9.c.    If within ten (10) calendar days of receipt of the written notification, the Designating Party gives notification of its objection to the disclosure of Confidential Information to the Expert or Consultant identified by written notice pursuant to Paragraph 9.a., there shall be no disclosure to the Expert/Consultant at issue until such objection is resolved.  The objection shall state the reasons why the Designating Party believes the identified individuals should not receive Confidential Information.

9.d.    If after meeting and conferring, the Parties do not otherwise resolve the dispute, the Designating Party must seek relief from the Court, by way of filing a motion within fourteen (14) days of the meet and confer.  The filing and pendency of any such motion shall not limit,

delay, or defer any disclosure of Confidential Information to persons as to whom no such objection has been made, nor shall it delay or defer any other pending discovery.

**10.    Challenging Confidentiality Designations**

10.a.    Timing of Challenges.  Any receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.b.    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging, which includes the basis for each challenge and a citation to this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to explain the basis for the chosen designation.  A Challenging Party may only seek Judicial Intervention if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10.c.    Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to challenge confidentiality under the Civil Local Rule and General Orders within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

-9-

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

## 11.   Filing with The Court

Before any Confidential Information, including transcripts of depositions or portions thereof, exhibits, answers to interrogatories, responses to requests for admissions, and other documents filed with the Court in this action which have previous thereto been designated as comprising or containing Confidential Information, or any pleading or memorandum purporting to reproduce or paraphrase such information, are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file such material under seal.

A Party that seeks to file Confidential Information must do so under seal in compliance with Civil Local Rules and General Orders.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue, upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

Should the party who files the Confidential Information fail to seek a sealing order from the Court, the Designating Party whose information is contained in the filed paper may move the Court for a sealing order, and if successful, the Court may award attorneys' fees for such a motion.

## 12.   Restriction on Disclosure

No person or party receiving any document or information designated as confidential under this Protective Order shall disclose such to anyone not specified in Paragraph 5 hereof, nor use such for any purpose other than for the purposes of this action (i.e. preparation for trial, trial and any pretrial or post-trial proceeding), without the prior consent of the designating party or further order of this Court.

12.a.    Counsel for each Party and each person receiving any Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.

12.b.    In the event of an inadvertent disclosure of Protected Material to a person not qualified to receive the information under the Protective Order, the Party or Non-Party making the inadvertent disclosure shall, upon learning of the disclosure: (i) promptly notify the person(s) to whom the disclosure was made that it contains Confidential Information subject to this Protective Order; (ii) promptly use best efforts to retrieve the disclosed information from the person(s) to whom disclosure was inadvertently made and have such person(s) execute Exhibit A to this Protective Order; (iii) promptly make all reasonable efforts to preclude further dissemination or use by the person(s) to whom disclosure was inadvertently made; and (iv) bring all pertinent facts relating to such disclosure to the attention of the Designating Party within seven (7) calendar days of learning of the inadvertent disclosure.

12.c.    No party, however, will be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

## 13.    Return of Materials

Upon termination of this action (including through all appeals and re-trials) counsel for the Parties shall, within sixty (60) days, return to the Designating Party all Confidential Information produced, including any copies, excerpts, and summaries of that information, or shall certify in writing that all such information and materials have been destroyed.

Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the

Case 4:12-cv-02183-DMR Document 51 Filed 01/07/13 Page 16 of 21

attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

## 14.    Relief From Order

This Order is intended to facilitate the exchange of documents and other materials among the parties to this action with a minimum of Court involvement.  Any disputes with respect to the treatment of documents or materials under this Order, or with respect to the meaning or implementation of this Order shall be addressed in the first instance to the Magistrate Judge assigned to this action for fact finding and a recommended ruling.  This Protective Order may be modified by agreement of the parties, subject to approval by the Court.  The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

## 15.    Third Parties

To the extent that any discovery is taken of persons who are not parties to this action ("third parties") and in the event such third parties or the parties hereto contend the discovery sought involves confidential proprietary information, then such third parties may agree to be bound by this Protective Order.  Third parties who provide deposition testimony, produce documents, or any other Confidential Information shall have the same rights and obligations with respect to such information as the parties hereto.

## 16.    Violations of the Protective Order

Any party knowing or believing that any other party is in violation of or intends to violate this Protective Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement, may move the Court for an appropriate order.  Pending disposition of the motion by the Court, the party alleged to be in

-12-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

violation of or intending to violate this Protective Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Protective Order.

## 17. **Inadvertent Production of Privileged Material**

The parties hereto also acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, that party shall promptly so advise the receiving party in writing of each particular document it believes is privileged or otherwise immune from discovery, state and substantiate the basis for the alleged privilege or immunity and the reasonable and diligent efforts made to prevent disclosure, and request that the item or items of information be returned. If these conditions are met, the receiving party shall return to the producing party or destroy such inadvertently produced materials and all copies thereof within ten (10) calendar days of receipt of the written request. The receiving party may retain a list of the privileged documents, including the date, author, recipient and general subject matter without retaining any privileged information. Return or destruction of the materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery, nor shall it foreclose any party from moving the Court for an order that such materials have been improperly designated or should be produced in accordance with the Federal Rules of Civil Procedure, but only for reasons other than that the inadvertent production caused a waiver.

## 18. **Miscellaneous**

18.a. Nothing in the production of documents or materials under this Order shall be deemed an admission or waiver by any party or witness of any claim of confidentiality or non-confidentiality of the documents or materials exchanged, or the information they contain; nor

1 shall this Order alter any existing obligations on the parties to this action with respect to the

2 maintenance of the confidences and secrets and privacy of any third person.

3      18.b.   Nothing within this Protective Order will prejudice the right of any party to object

4 to the production of any discovery material on the grounds that the material is protected as

5 privileged or as attorney work product.

6      18.c.   By stipulating to the entry of this Protective Order no Party waives any right it

7 otherwise would have to object to disclosing or producing any information or item on any

8 ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to

9 object on any ground to use in evidence of any of the material covered by this Protective Order.

10

11     **IT IS SO STIPULATED.**

12

13 DATED: January __, 2013        STRADLING YOCCA CARLSON & RAUTH
                               A Professional Corporation

14

15                             By:   /s/ Douglas Q. Hahn
                                 Douglas Q. Hahn

16                                  Salil Bali

17                               Attorneys for Defendant/Counterclaim-Plaintiff
                              GREENFLY MEDIA NETWORK, LLC and

18                               Defendant BRENDON KENSEL

19 DATED January 7, 2013         SCHIFF HARDIN LLP

20

21                             By:   /s/ George Yu

22                                  George Yu
                               Allison Maddeford

23                               Attorneys for Plaintiff/Counterclaim-Defendants
                              AKEEM O. BROWN

24

25

26 **IT IS SO ORDERED** this ___ day of January, 2013.

27

28                           _____
                          Honorable, Donna M. Ryu
                          Magistrate Judge United States District Court

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [insert address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order. I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AKEEM O. BROWN,

           Plaintiff,

    v.

GREENFLY MEDIA NETWORK, LLC,
BRENDON KENSEL, AND DOES 1-10,

           Defendants.

---

GREENFLY MEDIA NETWORK, LLC,

           Counterclaim-Plaintiff,

    v.

AKEEM O. BROWN and DREAM
SPORTS MANAGEMENT, INC.,

           Counterclaim-Defendants.

Case No. CV12-02113 DMR

[██████] ORDER APPROVING
ENTRY OF STIPULATED PROTECTIVE
ORDER

Courtroom: 4
Judge: Hon. Donna M. Ryu

██████ ORDER APPROVING ENTRY OF STIPULATED PROTECTIVE ORDER

PURSUANT TO STIPULATION OF THE PARTIES AND FOR GOOD CAUSE

SHOWN, the revised Stipulated Protective Order attached to Plaintiff's Unopposed Motion For

Entry of Stipulated Protective Order as Exhibit A is hereby endorsed and entered.

Dated: January 7 , 2013

_____

Hon. Donna M. Ryu
United States Magistrate Judge

ORDER APPROVING ENTRY OF STIPULATED PROTECTIVE ORDER